CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 2 1 2005

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| ISABEL DE SZINAY, | ) | CASE NO. 3:04CV00077 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| CONSTANCE CROMARTIE, | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

This action is before the court on plaintiff's August 9, 2005 Motion to Set Aside or Amend Jury Verdict and the briefs of the respective parties in support and in opposition thereto. Suffice it to say that, after a trial held on July 20, 2005 limited to the question of damages the plaintiff suffered in an automobile accident on March 5, 2003, which the defendant admitted was caused by her negligence, the jury returned a verdict in the amount of $81,800.00 without prejudgment interest, which was less than the $83,528.38 claimed by the plaintiff in special damages. Plaintiff contends that the verdict is insufficient as a matter of law and that the court should either set aside the verdict and order a new trial or amend the verdict by way of additur. Defendant asks the court to enter judgment on the verdict as returned by the jury. Finding the parties' briefs adequate to inform the court on the issues, the court hereby dispenses with oral argument because it will not aid the dispositional process.

## SETTING ASIDE THE VERDICT

### Verdict Insufficiency

Plaintiff offers that the court has the authority to either set aside the verdict or direct additur under Fed. R. Civ. P. 59 on the ground that both a determination of adequacy of the jury's verdict and the means employed to address any inadequacy involve the substantive law of the forum state in a diversity action, such as this. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 436-38

(1996). If that is the case, the first questions are whether the verdict was influenced by passion, corruption or prejudice, or whether the verdict simply was insufficient as a matter of law. *Supinger v. Stakes*, 255 Va. 198, 203 (1998); *Glass v. David Pender Grocery Co.*, 174 Va. 196, 201 (1939). Plaintiff acknowledges that there appears to be two, conflicting lines of cases in Virginia, but refers to various of those cases for the solitary proposition that where the award is equal to or less than the amount of proven special damages, the verdict should not be allowed to stand. *See, e.g., Rome v. Kelly Springfield Tire Co.*, 217 Va. 943, 948 (1977); *Doe v. West*, 222 Va. 440, 444-46 (1981); *DeWald v. King*, 233 Va. 140, 146-47 (1987).[1] She rightly points out that a potential distinction between the lines of cases may lie in whether the amount of special damages claimed by the plaintiff was controverted or uncontested.

In that vein, plaintiff contends that the amount of special damages in this case was not controverted, or at worst, not seriously challenged, and she suggests that the court should be quick to follow the line of cases which did not permit a verdict to stand where the award was equal to or less than the special damages essentially proven unequivocally.[2] Plaintiff is of the belief that the jury misconceived or misunderstood the facts or the law instructed, thus rendering the verdict neither fair nor impartial because it was "grossly and manifestly out of line with the nature and extent of the injuries." Brief In Support of Plaintiff's Motion to Set Aside or Amend Jury Verdict ("Pl's Brief") at 7-8.

---

[1] The plaintiff also cites a number of Virginia Circuit Court decisions applying this principle which this court acknowledges as informational. However, the court declines to rely on them as binding authority.

[2] Plaintiff asserts that, at most, defendant subjected her damage evidence to "rigorous questioning and arguments" but contends this was "not of any substantial significance," further pointing out that defendant offered no evidence in opposition to the witnesses presented in plaintiff's case-in-chief. Brief In Support of Plaintiff's Motion to Set Aside or Amend Jury Verdict ("Pl's Brief") at 2, 7.

2

Defendant confronts plaintiff's substantive contentions in this respect as "incredible." Defendant's Memorandum of Law in opposition to Plaintiff's Motion for New Trial or Additur ("Def.'s Memorandum") at 1. Defendant essentially asks the court to remember that while the amounts charged by the medical care providers were not contested, and while she stipulated to the admissibility of those special damages, defendant repeatedly declined to agree or stipulate to causation and reserved the right to challenge and examine the witnesses about whether any or all bills were proximately caused by her negligence. Moreover, defendant contends that plaintiff's own testimony regarding her claimed hip, left thumb and respiratory impairments was inconsistent both with her prior statements and conduct, and with other statements she made during her testimony. While acknowledging that plaintiff and her counsel may be perplexed about why the jury returned the verdict it did, defendant offers that the jury did nothing more, and nothing less than resolve the conflicts in the evidence concerning causation, albeit in a manner not entirely acceptable to the plaintiff.

Defendant asserts that the court has no basis to find the verdict inadequate as a matter of law. Instead, she offers Virginia authority to the effect that where, as here, a verdict does not reflect the exact amount of the plaintiff's specials, the trial court should let it stand. Moreover, defendant asks this court to give deference to the jury's verdict, draw all inferences in favor of its fairness and validity and, in the end, find that the damage evidence was sufficiently controverted and incomplete as to require resolution by a trier of fact which, in this case, was supported by a logical interpretation of the facts though not one acceptable to the plaintiff. *See Hall v. Hall*, 240 Va. 360, 363 (1990); *Doe v. West*, 222 Va. 440, 445-46 (1981).

**ADDITUR**

Plaintiff alternatively asserts that the court has authority to amend the verdict by additur.

Even though she acknowledges that this process is not explicitedly provided for under Rule 59, and though she concedes that additur generally has been proscribed as a remedy to federal court by the Seventh Amendment, plaintiff, nevertheless, believes it is available to this court in a diversity case, such as this, to correct any error of law or prevent manifest injustice. In Virginia, additur appears to be available to the courts of the Commonwealth under VA CODE § 8.01-383.1, in light of which plaintiff has summarized various verdicts and has suggested that the court increase the award to an amount equal to 6.81 times the amount of her special damages.

Plaintiff also has raised indirectly, by way of a footnote, the issue of whether this court erroneously failed to instruct the jury on the subject of collateral source in light of a reference made by one of plaintiff's doctors to "Medicare." (Transcript Trial Testimony, Vol. I, p. 50, line 16). Pl.'s Brief at 9 n.1. Of course, that raises the prospect that error was committed which may have contributed to the size of the verdict which, if true, would be a basis to at least set aside the verdict. However, plaintiff has not cited a single authority for the proposition advanced in her footnote, and the record reveals she did not object to the passing reference to "Medicare" made during the course of the doctor's testimony.

This court's research reveals that the collateral source rule in Virginia is an evidentiary rule which excludes any evidence indicating the plaintiff received benefits from a collateral source that could be utilized by the jury to reduce the amount of damages owed by a tortfeasor. *Bullard v. Alfonso*, 267 Va. 743, 746-47 (Va. 2004) (citing *Acuar v. Letourneau*, 260 Va. 180, 189 (2000)). The stated reason for the rule simply is that it is the tortfeasor's responsibility to compensate a plaintiff for all the harm caused by the tortfeasor not confined to the net loss incurred by the plaintiff. Moreover, any other rule necessarily would implicate the entire subject of subrogation, potentially leading to significant litigation, even in the very proceedings where the plaintiff was

4

seeking an award for damages, relating to whether and how much reimbursement would be directed for the monies paid on the plaintiff's behalf by those collateral sources.

**FINDINGS AND CONCLUSIONS**

Granting deference to the jury's verdict in the case, as it must do, this court does not believe that plaintiff has demonstrated that the verdict was rendered on any basis other than on the basis that she failed to prove by a preponderance of the evidence that all her expenses, thus all her claimed damages, were proximately caused by defendant's negligence. The evidence, viewed in a light most favorable to the defendant, certainly supports this conclusion, especially since plaintiff's credibility relating to the nature and extent of her preexisting impairments, as well as the facts relating to the effects allegedly brought on by the accident, were in dispute.

Moreover, the court does not believe any legal error was committed by the court which may have contributed to the size of the jury's verdict. The undersigned believes that the collateral source rule is evidentiary in nature, thus something for the court to consider and determine, and not an element of the law to be instructed to and followed by the jury in arriving at its verdict. Moreover, if there had been some evidentiary issue concerning the reference made by plaintiff's witness to Medicare, the time to have raised it was then, so that some sort of corrective evidentiary instruction could have been given. But of course, whether to call more attention than necessary to the issue is a tactical one. Accordingly, to the extent plaintiff's motion is based on an alleged error of the court contributing to the verdict, the motion will be denied. Further, the court believes the jury was properly instructed at the conclusion of the case in a manner that did not prejudice the jury's deliberations or its verdict.

This is not to say, of course, that this court would have resolved the conflicts in the evidence in the same way as the jury, or that the court would have awarded the amount fixed by the

5

jury as plaintiff's damages. It is to say that the verdict is supported by the evidence in the case, and was not improperly influenced by any error on the part of the court or prejudice, passion or corruption on the part of the jury. Nor can the court say the verdict is inadequate as a matter of law, under the circumstances of this case, namely the dispute in the evidence concerning causation and the plaintiff's credibility.

For these reasons, the court declines to disturb the jury's verdict, and the plaintiff's Motion to Set Aside or Amend Jury Verdict will be DENIED. An order will enter denying the motion and entering judgment in favor of the plaintiff and against the defendant in the amount of $81,800.00.

The Clerk of the Court hereby is directed to transmit a copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

_____
Date